THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. BOSKET, JR., Appellant.—

Also, contrary to defendant's contention, the clerk's minutes show that the court did inform the parties of his intention to charge the lesser included offenses. Moreover, by failing to object to the charge as given, defendant failed to preserve the issue for appellate review.

No prejudice accrued to defendant when a juror learned that defendant had previously committed a homicide. That juror was excused and, as a result of an inquiry by the court, it was ascertained that none of the other jurors was aware of that information.

The court did not err in concluding the persistent felony offender hearing without taking the testimony of counsel who represented defendant on one of his previous felony convictions. The court gave defendant ample opportunity to present any relevant testimony from the prospective witness, but defendant did not take advantage of the opportunity when the witness was available. Furthermore, defendant failed to show that the prospective witness had material evidence to offer. Defendant made conflicting statements concerning what facts he expected to elicit from the witness. His final statement that he expected counsel to testify that he was not the same Willie Bosket that was previously convicted of a felony, but that he was paid to take Willie Bosket's place in jail, cannot be taken seriously in the absence of any indication from the prospective witness that he would so testify and in view of all of the evidence in the case, including fingerprint evidence that defendant was the same Willie Bosket that was previously convicted of a felony.

We find no merit in the other issues raised by defendant.

(Appeal from judgment of Oneida County Court, Buckley, J.—arson, fourth degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.